IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARREN L. CEPHAS,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-1035** |
| | : | |
| **DELAWARE COUNTY,** *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**HENRY, J.**                                                                                                 **OCTOBER 30, 2025**

*Pro se* Plaintiff, Darren L. Cephas brings claims pursuant to 42 U.S.C. § 1983 against prison officials at the George W. Hill Correctional Facility in Delaware County, where he was recently incarcerated as a pretrial detainee. Cephas alleges constitutional violations in connection with the prison officials' sharing of his personal medical information. Cephas was previously granted leave to proceed *in forma pauperis*. Upon screening under 28 U.S.C. § 1915(e)(2), the Court dismissed his original Complaint asserted against the prison and its medical department only and permitted him to file an amended complaint. (*See* ECF No. 8.) Cephas returned with the pending Amended Complaint. For the following reasons, the Court will dismiss Cephas's Amended Complaint. Cephas may file a second amended complaint if he believes he can cure the defects the Court notes in his claims.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

In his initial Complaint, Cephas named only the George W. Hill Correctional Facility and its medical department and asserted Fourteenth Amendment due process claims based on the

---

[1] The facts are taken from Cephas's Amended Complaint, which consists of two handwritten pages. (ECF No. 12.) Court adopts the pagination supplied by the CM/ECF docketing system.

disclosure of his private medical information.  (*See* ECF No. 2.)  The Court dismissed the Complaint, concluding that because neither a jail nor its department are "persons" under § 1983, Cephas failed to name a proper Defendant.  (ECF No. 8.)

Cephas returned with an Amended Complaint, naming the following Defendants: Delaware County, the George W. Hill Correctional Facility, the "head nurse of the medical department John Doe 1," Nurse Edie Holley, John Doe 2, John Doe 3, and Fatema.  (Am. Compl. at 2.)  The facts in Cephas's Amended Complaint are brief.[2]  He alleges that despite the empty medical room on his cell block where nurses could have administered insulin shots to treat his diabetes, the nurses did not use the room.  (*Id.*)  Cephas states that Nurse Holley and corrections officers "would talk about [his] medical information around and to inmates," including his "specific number levels."  (*Id.*)  As a result, inmates who "learned information about [Cephas's] diabetes" would engage in "bullying, taunting, name-calling, and fighting."  (*Id*. at 3.)  In addition, correctional officers John Doe 2 and John Doe 3 would "joke about [Cephas's] disease and call him, 'Mr. Diabetic Man.'"  (*Id.*)  The medical department allegedly ignored Cephas's grievances and "did nothing to stop the problem."  (*Id.*)  Cephas seeks 20 million dollars "for the stress, pain, taunting, [and] bullying for the two years" he spent at the George W. Hill Correctional Facility.  (*Id.*)

---

[2] Cephas may not have appreciated that his Amended Complaint superseded the original Complaint.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings").

## II.     STANDARD OF REVIEW

As Cephas is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in Cephas's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Cephas is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

The Court understands Cephas to again assert Fourteenth Amendment due process claims based on the alleged disclosure of his private medical information.[3]  Cephas asserts

---

[3] Because Cephas was a pretrial detainee when the underlying incidents occurred, the Fourteenth Amendment, and not the Eighth Amendment, governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).  Moreover, Cephas's claims are best construed as substantive due process claims falling under the Fourteenth Amendment. *See Smith v. Hayman*, 489 F. App'x 544, 548 (3d Cir. 2012) (*per curiam*) ("We have held that 'the Fourteenth Amendment protects an inmate's right to medical privacy, subject to legitimate penological interests.'" (quoting *Doe v. Delie*, 257 F.3d 309, 323 (3d Cir. 2001))).

constitutional claims pursuant to § 1983, the statute enabling a plaintiff to raise claims for violations of the federal constitution. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Cephas fails to assert a plausible Fourteenth Amendment claim against any Defendant.[4] While prisoners maintain a substantive due process right to privacy in their medical information, not all disclosures of medical information will violate a prisoner's right to privacy in his medical information. *See Delie*, 257 F.3d at 316-17.  The right "may be curtailed by a policy or regulation that is shown to be 'reasonably related to legitimate penological interests.'" *Id*. at 317 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).  Courts construing prisoners' medical privacy claims have framed the right narrowly and have applied it to situations involving "unusual medical condition[s], which, if disclosed unnecessarily, would likely expose the inmate to ridicule, discrimination, or even potential violence and harm, particularly when word of the

---

[4] To the extent that Cephas reasserts claims against the George W. Hill Correctional Facility, the claims are dismissed, as this Defendant has already been dismissed with prejudice from the case.  In addition, although Cephas names "Fatema" in the caption, there are no allegations against Fatema in the body of the Amended Complaint.  Thus, to the extent that Cephas intended to assert a claim against Fatema, that claim is also dismissed. *See Rode*, 845 F.2d at 1207.  Finally, although Cephas appears to name Delaware County in the caption, there are no facts asserted against this Defendant.  Nor do the allegations support any plausible claim against Delaware County. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978) (stating that to plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights).

condition is likely to spread through 'humor or gossip[.]'" *Smith v. Hayman*, No. 09-2602, 2012 WL 1079634, at *18 (D.N.J. Mar. 30, 2012) (citing *Powell v. Shriver*, 175 F.3d 107, 112 (2d Cir. 1999) (tying the availability of a § 1983 claim for invasion of medical privacy to conditions such as HIV and Gender Identity Disorder)), *aff'd*, 489 F. App'x 544 (3d Cir. 2012)). Assuming details about Cephas's diabetes qualify for constitutional protection, *see Heath v. Morey*, No. 22-471, 2022 WL 3868096, at *2 n.3 (N.D. Ind. Aug. 30, 2022) ("[S]emi-public discussion of fairly pedestrian maladies such as sores, diabetes, the need for eyeglasses, and standard medical treatment in front of staff members, is a sort of general indiscretion that does not violate the constitution." (internal quotations omitted)), Cephas has failed to provide any specific details about the disclosure of that medical information. Cephas generally describes conversations allegedly had among prison staff and incidents when he was taunted and called names by other inmates. However, Cephas provides no details about these incidents, including when and where they occurred and who specifically was involved. Without additional details, Cephas's claims are undeveloped as pled.

      Moreover, to the extent that Cephas intends to assert claims against the correctional officers for their alleged "taunting" by calling him "Mr. Diabetic Man," the claims also lack merit. Verbal threats or taunts, without more, are insufficient to violate the Constitution. *See Ayala v. Terhune*, 195 F. App'x 87, 92 (3d Cir. 2006) (*per curiam*) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). Accordingly, Cephas has not alleged any basis to proceed on a Fourteenth Amendment claim against any Defendant.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Cephas's Amended Complaint. Cephas will be permitted to file a second amended complaint in the event he can plead additional facts to cure the defects the Court noted as to his claims. An appropriate Order follows, which offers additional guidance on amending to the extent Cephas wishes to do so.